IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLENS FALLS INSURANCE COMPANY, } | | |
| } | | |
| Plaintiff, } | | |
| } | | |
| VS. } | | CIVIL ACTION NO. H-04-2618 |
| } | | |
| SHANDA LYNN McVEY, } | | |
| CLAUDIA DAVILA, as Next Friend of } | | |
| DANIEL ALMAGUER, and DANIEL } | | |
| ALMAGUER } | | |
| } | | |
| Defendants. } | | |

## **OPINION & ORDER**

Pending before the court is Plaintiff Glens Falls Insurance Company's ("Glens Falls's") motion for summary judgment (Doc. 37), seeking a declaration from the court that it has no duty under an automobile liability policy issued to Allen and Barbara McVey (the "McVeys") to indemnify the McVeys' former daughter-in-law, Shanda McVey ("Shanda"), in any claim or suit brought against Shanda by Daniel Almaguer ("Daniel"), a minor, as a result of a September 7, 2003 auto-pedestrian accident involving Shanda and Daniel. Daniel, by and through his guardian ad litem, has filed a response (Doc. 41), to which Glens Falls has replied (Doc. 44). Glens Falls also filed a supplement to its motion for summary judgment (Doc. 50). Because the court finds that Shanda was not a "covered person" under the McVeys' automobile insurance policy, the court ORDERS that Plaintiff's motion is GRANTED

I.      Background & Relevant Facts

In September 2003, Shanda, driving a 2003 White Jeep Liberty in Madisonville, Texas, struck Daniel while he was riding his bicycle. (*See* Incident Report, Doc. 37 Ex. A). Daniel was a minor at the time and suffered serious injuries as a result.

At the time of the accident, Shanda was the daughter-in-law of the McVeys, who were the insureds under an automobile insurance policy issued by Glens Falls. (Policy No. 197425251, Doc. 37 Ex. C) (hereafter the "Policy"). The Policy provides that Glens Falls will "pay damages for bodily injury or property damage for which any <u>covered person</u> becomes legally responsible because of an auto accident." (*Id.*) (emphasis added). "Covered person" is defined in part to mean (1) You [the policy holder] or any <u>family member</u> for the ownership, maintenance or use of any auto or trailer; (2) Any person using your covered auto. (*Id.*) (emphasis added). The Policy defines "family member" as

> a person who is a resident of your household and related to you by blood, marriage or adoption. This definition includes a ward or foster child who is a resident of your household, and also includes your spouse even when not a resident of your household during a period of separation in contemplation of divorce.

(*Id.*) Neither "resident" nor "household" is defined under the Policy.

The McVeys' address is 21559 O.S.R. (Old San Antonio Road), Madisonville, Texas 77864. (B. McVey Stmt. 5, Doc. 37 Ex. D; A. McVey Stmt. 5, Doc. 37 Ex. E). Shanda never lived at the 21559 O.S.R. address. According to the McVeys, Shanda lived "intermittently" at 21646 O.S.R. in 2003 when she was (then) married to Barbara McVey's son, Dave McVey ("Dave"). (B. McVey Stmt. 10, Doc. 37 Ex. D). The 21646 address is approximately one city block away and across the highway from 21559 O.S.R. (*Id.* at 13). The McVeys own the 21646 house and the acreage on which it sits. (*Id.* at 18). Nevertheless, the houses are not physically connected and do not share common wiring, phone lines, or mailboxes. (*See id.* at 13, 19, 39; A. McVey Stmt. 9-10, Doc. 37 Ex E). Neither Barbara nor Allen McVey considered Shada to be a member of their household in September 2003. (B. McVey Stmt. 41, Doc. 37 Ex. D; A. McVey Stmt. 12, Doc. 37 Ex. E).

As a result of the accident, Daniel's mother, Claudia Davila ("Davila"), sought to recover damages on Daniel's behalf in a suit styled *Claudia Davila, as Next Friend of Daniel*

*Almaguer v. Shanda Lynn McVey*, Cause No. 03-10269-278-01, in the 278th Judicial District Court of Madison County, Texas. Shanda's former attorney wrote Glens Falls's affiliated company to demand a defense from Glens Falls under the McVeys' policy. (Letter, dated Feb. 2, 2004, Doc. 37 Ex. B). In response, Glens Falls brought this declaratory action to resolve the coverage dispute. Glen Falls informs the court that the underlying suit was dismissed for want of prosecution. (*See* Pl.'s Mot. 2, Doc. 37). Glens Falls has since filed for summary judgment seeking a declaration that Shanda is not a "covered person" under the Policy and, therefore, not entitled to a defense to Daniel's claims.

II.        Legal Standard on Summary Judgment

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond

peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)). Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at1075). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins*, Inc., 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the non-moving party. *Matsushita*, 475 U.S. at 587-88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988). The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form. *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1988).

III.     Analysis

There are two issues before the court: first, whether there is an actual controversy such that a declaratory judgment is appropriate; and, second, whether Shanda was a "covered person" under the McVeys' Policy.   The court addresses each in turn.

(A)     Whether there is an actual controversy where the underlying suit has been dismissed for want of prosecution.

Although Defendants have not challenged the court's ability to render a declaratory judgment in this matter, the court must independently assure itself of its jurisdiction to hear the dispute. The Declaratory Judgment Act states the following:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). A federal court may not, however, issue a declaratory judgment absent an "actual controversy" between the parties. *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) (citing *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)); *see also Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

In this case, the underlying suit has been dismissed for want of prosecution. Nevertheless, the coverage dispute continues because the general rule in Texas is that a dismissal for want of prosecution is a dismissal without prejudice. *See Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980) ("[A] litigant may refile an action that has been dismissed for want of prosecution, since the merits of such an action remain undecided.") (citing *Gracey v. West*, 422 S.W.2d 913, 917 (Tex. 1968); *see also Melton v. Ryander*, 727 S.W.2d 299, 303 (Tex. App.–Dallas 1987, writ ref'd n.r.e.) ("When a case is dismissed for want of prosecution, it is error for the trial court to dismiss the case with prejudice."); *Collins v. Flatte*, 614 S.W.2d 580, 582 (Tex. Civ. App.–Texarkana 1981, no writ) (same). Moreover, the statute of limitations on Daniel's claim has yet to run because he was a minor at the time of the accident. *See* Tex. Civ. Prac. & Rem. Code § 16.001(b) (Vernon 2002) ("If a person entitled to bring an action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period.").[1] Thus, the court finds that there is an "actual controversy" between the parties and that declaratory relief is appropriate to resolve the coverage dispute at issue.

(B)     Whether, as a matter of law, Shanda was a "covered person" under the Policy.

The parties do not dispute that 2003 White Jeep Liberty Shanda drove at the time of the accident was not covered under the Policy. The only way for Shanda to qualify for coverage, therefore, is if she was a "family member" of the McVeys in September of 2003. As noted above,

---

[1] A person is under a "legal disability" for the purposes of tolling the statute of limitations if he is a minor. *See id.* § 16.001(a)(1).

to be considered a "family member," Shanda must be (1) related by blood or marriage, and (2) a "resident of [the McVeys'] household." The parties do not dispute that Shanda was related to the McVeys at the time of the accident: she was married to their son. The issue then is whether she was a "resident" of the McVey "household."

"In Texas, insurance policies are controlled by the rules of construction that are applicable to contracts generally." *Cicciarella v. Amica Mut. Ins. Co.*, 66 F.3d 764, 767-68 (5th Cir. 1995) (citing *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987)). The court's primary concern is to give effect to the intention of the parties as expressed by the policy language. *Id.* at 768. If the language of a policy provision is worded so that it can be given a definite or certain legal meaning, then the provision is not ambiguous, and the court can construe it as a matter of law. *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003).

Whether terms in an insurance policy are ambiguous is a question of law for the court. *Cicciarella*, 66 F.3d at 768. Ambiguity exists only if the meaning of the contract is "uncertain and doubtful or it is reasonably susceptible of more than one meaning." *Id.* (quoting *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)). A policy is not ambiguous merely because the parties dispute coverage. *Valmont Energy Steel, Inc. v. Commercial Union Ins. Co.*, 359 F.3d 770, 774-75 (5th Cir. 2004). Courts should, however, "interpret and construe insurance policies liberally in favor of the insured, especially when dealing with exceptions and words of limitation." *Cicciarella*, 66 F.3d at 768.

The court finds that Shanda was not a "resident" of the McVeys' "household" and that neither term is ambiguous under the facts of this case. "Resident" and "household," when used in conjunction with one another in the context of insurance policies, are terms of ordinary, everyday usage and understanding. *See id.* at 768-70. In the Merriam-Webster Collegiate Dictionary (10th ed. 1998), the term "resident" is defined as "living in a place for some length of time." The same

dictionary defines "household" to mean "those who dwell under the same roof and compose a family; also, a social unit comprised of those living together in the same dwelling." Here, Shanda never lived for any length of time with the McVeys under the same roof or in the same dwelling. The McVeys lived at a different address, separated by a highway. The houses shared neither utilities nor a mailbox. The only connection between the two is that the McVeys owned the house in which Shanda lived. This connection, standing alone, is insufficient to show either (1) that "resident of the household" is ambiguous or (2) that Shanda's separate residence constituted a "household" of the McVeys. *See, e.g., Mercer v. Progressive Gulf Ins. Co.*, 885 So.2d 61 (Miss. 2004) (holding under almost identical circumstances that a daughter who lived in a house owned by her father and on the same road as her father's house was not a "resident" of her father's "household" for insurance purposes). "[A]ll the facts, which are not in dispute, demonstrate that [Shanda] maintained a separate household." *Id.* at 66-67.

As such, the facts in this case are distinguishable from those in *Cicciarella*, in which the Fifth Circuit found the terms "resident" and "household" in an insurance policy to be ambiguous where the insureds split time between Texas and New York households. 66 F.3d at 766-70. Shanda did not split time between two households. The undisputed facts show that she never established a meaningful presence in the McVeys' household in the first instance. The ambiguity found in *Cicciarella* is not present under the facts of this case.

Because there is no evidence that Shanda was a "resident" of the McVeys' "household" at the time of the accident, she was not a "covered person" under the unambiguous terms of the Policy.

IV.     Conclusion

Accordingly, it is hereby

**ORDERED** that Plaintiffs' motion for summary judgment (Doc. 37) is **GRANTED**.

SIGNED at Houston, Texas, this 28th day of September, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE